# In the United States Court of Federal Claims

No. 24-1127

(Filed: July 21, 2026)

**NOT FOR PUBLICATION**

```
*****************************************
PHYLLIS M. KNIGHT,                       *
                                         *
                 Plaintiff,              *
                                         *
        v.                               *
                                         *
THE UNITED STATES,                       *
                                         *
                 Defendant.              *
*****************************************
```

*Phyllis M. Knight*, Wichita, KS, pro se.

*Eric P. Bruskin*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

*Pro se* plaintiff, Phyllis M. Knight, filed a complaint in this Court on July 24, 2024, seeking retirement benefits under the Federal Employees' Retirement System ("FERS") Act, 5 U.S.C. § 8401 *et. seq*., and monetary compensation under the Back Pay Act ("BPA"), 5 U.S.C. § 5596. Compl. [ECF 1] at 3. She also alleged "theft or embezzlement of benefits" in violation of 18 U.S.C. § 644 of the Federal Criminal Code. *Id.* On January 10, 2025, the Court dismissed Ms. Knight's complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") after finding that it lacked jurisdiction. *Knight v. United States*, 174 Fed. Cl. 373, 379 (2025). The Clerk of Court entered judgment on January 13, 2025. J. [ECF 15].

On October 15, 2025, Ms. Knight moved for relief from judgment pursuant to Rule 60(b). Pl.'s RCFC 60(b) Mot. [ECF 16]. Specifically, Ms. Knight "move[d] the Court to reopen [her] case based on newly discovered evidence of fraud and fraud on the court[.]" *Id.* at 17. Under Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (2) newly discovered evidence . . . [or] (3) fraud . . . by an opposing party[.]" RCFC 60(b)(2)-(3). To obtain relief for newly discovered evidence, the moving party must show "(1) that the evidence was actually newly discovered . . . subsequent to trial; (2) that the movant exercised due diligence; and (3) that the evidence is material, not merely impeaching or cumulative, and that a new trial would probably produce a different result." *Wagstaff v. United States*, 118 Fed. Cl. 172, 176 (2014) (alteration in *Wagstaff*) (quoting *TDM Am., LLC v. United States*, 100 Fed.

Cl. 485, 490 (2011)), *aff'd*, 595 F. App'x 975 (Fed. Cir. 2014). To obtain relief for fraud, the moving party must show fraud by "clear and convincing evidence." *Madison Servs., Inc. v. United States*, 94 Fed. Cl. 501, 507 (2010) (quoting RCFC 60(b)(3)). "'[U]nsubstantiated innuendo and uncorroborated inferences' are not enough." *Pastrana v. United States*, No. 25-687, 2026 WL 253618, at *3 (Fed. Cl. Jan. 29, 2026) (quoting *Madison Servs., Inc.*, 94 Fed. Cl. at 507). Further, a motion for relief from judgment for either newly discovered evidence or fraud must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." RCFC 60(c)(1).

While difficult to follow, Ms. Knight's motion appears to seek relief from the Court's prior judgment "based on newly discovered evidence of fraud and fraud on the court directly related the government contract with Dr. Christopher Milne, a government contracted psychologist from Lincoln, Nebraska involved in a kickback scheme with the [d]efendant [United States] to falsify [her] medical records[.]" [ECF 16] at 17. She contends that the "[n]ewly discovered evidence shows [that her] termination [from the Veterans Canteen Service ('VCS') in Omaha, Nebraska] was in fact illegal due to her disability." *Id.* According to Ms. Knight, the evidence shows that "the United States contracted with Dr. Christopher Milne a psychologist from Lincoln, Nebraska to commit fraud" to avoid its obligation "to provide [mandatory] predetermined [disability retirement] benefits [to her] under 5 U.S.C. § 8451 . . . and . . . under [] social security[.]"[1] *Id.* at 18. Ms. Knight states that this "can be proven by a preponderance of evidence because Dr. Christopher Milne from Lincoln, Nebraska does not know Ms. Knight who resided in Omaha, Nebraska." *Id.* She further alleges a "[c]onspiracy to commit fraud . . . by the Office of Personnel Management [('OPM')], the Social Security Administration and the Merit Systems Protection Board [('MSPB')]." *Id.* at 19.

First, the Court finds that Ms. Knight has not identified any newly discovered evidence that would change the Court's prior dismissal of her complaint. The Court dismissed her claim for disability retirement benefits under 5 U.S.C. § 8451 because it lacked jurisdiction over it. *Knight*, 174 Fed. Cl. at 378 (holding that "Congress created an exclusive remedial scheme to adjudicate FERS-related claims [under the FERS statute, 5 U.S.C. § 8401 *et. seq.*]" and that "[t]his Court therefore lacks jurisdiction over FERS-related claims"). The Court similarly dismissed her claims under the BPA, *id.* at 378, and 18 U.S.C. § 644, a criminal statute, *id.* at 379 (quoting [ECF 1] at 3). The allegedly newly discovered evidence relating to the government's contractual relationship with Dr. Christopher Milne would not have provided this Court with jurisdiction to hear Ms. Knight's claims and would therefore not have produced a different result. *See Venture Indus. Corp. v. Autoliv ASP, Inc.,* 457 F.3d 1322, 1328 (Fed. Cir. 2006) ("[T]o prevail on a Rule 60(b)(2) motion, the movant must demonstrate . . . that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment."), *quoted in Wagstaff*, 118 Fed. Cl. at 176.

---

[1] "An employee who completes at least 18 months of [creditable] civilian service . . . and has become disabled shall be retired on the employee's own application or on application by the employee's agency." 5 U.S.C. § 8451(a)(1)(A). "[A]n employee shall be considered disabled only if the employee is found by the Office to be unable, because of disease or injury, to render useful and efficient service in the employee's position." *Id.* § 8451(a)(1)(B).

In addition to failing to demonstrate how the allegedly newly discovered evidence relating to Dr. Christopher Milne would affect the Court's prior dismissal of her claims, Ms. Knight fails to demonstrate that same evidence is "actually newly discovered," *Wagstaff*, 118 Fed. Cl. at 176 (quoting *TDM Am., LLC*, 100 Fed. Cl. at 490). Indeed, as the Federal Circuit noted in its decision affirming the MSPB's denial of Ms. Knight's disability retirement claim, as part of her May 1, 2022, application for benefits, she requested that OPM review "a June 2016 report from Dr. Christopher Milne, a government contracted psychologist, who determined that . . . [she] showed mental impairment [but that] she did not precisely satisfy the diagnostic criteria of disability." *Knight v. Off. of Pers. Mgmt.*, No. 2025-1125, 2025 WL 1354979, at *1 (Fed. Cir. May 9, 2025) (internal quotation marks omitted). After OPM denied her application, Ms. Knight sought reconsideration, alleging "that Dr. Milne had never evaluated her and that his report was fraudulent." *Id.* Thus, it appears that Ms. Knight was aware of Dr. Milne's involvement in the denial of her disability retirement claims on May 1, 2022, and her allegations of fraud related thereto. Because Ms. Knight was aware of the proffered evidence, she was not "excusably ignorant" of such evidence at the time of the Court's dismissal of her claims. *Wagstaff*, 118 Fed. Cl. at 176 (quoting *TDM Am., LLC*, 100 Fed. Cl. at 490). Therefore, such evidence does not constitute "newly discovered evidence." *Id.*

Next, with respect to Ms. Knight's allegations of fraud, *see* [ECF 16] at 19-20, the Court finds them to be unsubstantiated. Ms. Knight broadly alleges a "[c]onspiracy to commit fraud" by OPM, the Social Security Administration, and the MSPB. [ECF 16] at 19. She alleges that "fraud was committed first before OPM" in connection with Dr. Milne's report, *id.*, "[s]econd before the [MSPB] . . . when affirming [the] denial of [her] application for disability retirement," *id.*, "[t]hird [by] the MSPB . . . on appeal in the United States Court of [Appeals for the Federal Circuit]," *id.*, "[f]ourth . . . on th[is] court" when judgment was entered on January 13, 2025, *id.* at 20, and "[f]ifth . . . by the United States Court of Appeals for the Federal Circuit on May 9, 2025," when it affirmed the MSPB's denial of her disability retirement, *id.* Critically, these ambiguous allegations do not provide any "clear and convincing evidence" of fraud. *Madison Services, Inc.*, 94 Fed. Cl. at 507.

Because Ms. Knight has not identified any newly discovered evidence that would change this Court's dismissal of her complaint and has not provided clear and convincing evidence of fraud, Ms. Knight is not entitled to relief from judgment under Rules 60(b). Accordingly, the Court **DENIES** Ms. Knight's Motion for Relief from Judgment, [ECF 16].

**IT IS SO ORDERED.**

 s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

3